UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>D & J ENTERPRISE LLC, a Nevada limited liability company, d/b/a THE MIXER LOUNGE; JANIYA JETER, an individual; DIONNE JUPITER, an individual,<br><br>Defendants. | Case No. 2:24-cv-01837-GMN-EJY<br><br>**Report and Recommendation** |

Pending before the Court is Plaintiff's Motion for Default Judgment (ECF No. 14). No response to the Motion was filed with the Court.

**I.     Background**

Plaintiff Joe Hand Promotions, Inc. filed its Complaint against Defendant Dionne Jupiter on October 1, 2024. ECF No. 1. The Complaint alleged Defendant violated Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. Plaintiff was served on November 22, 2024. ECF No. 10. No responsive pleading was filed by Defendant. Plaintiff obtained a Clerk's Default on March 13, 2025. ECF No. 13.

**II.     ANALYSIS**

  a.     <u>The Default Judgment Standard and Its Application in This Case</u>.

Rule 55(b) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgment when the Clerk of Court previously entered default based upon a defendant's failure to answer and defend. *OCWEN Loan Servicing, LLC v. Operture, Inc.*, Case No. 17-cv-01026, 2018 WL 1100904, at \*1 (D. Nev. Feb. 12, 2018). Here, Defendant was served with Plaintiff's Complaint on November 22, 2024, there has been no appearance since that date, and a Clerk's Default was entered on March 13, 2025. ECF Nos. 10, 13. Failure to timely answer a properly served complaint is an appropriate basis upon which entry of default judgment may lie. *Benny v. Pipes*, 799 F.2d 489,

492 (9th Cir. 1986). This, however, does not automatically entitle Plaintiff "to a court-ordered judgment." *PepsiCo. Inc. v. Cal. Sec. Cans.*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). Although, the Court must accept all well pleaded facts in Plaintiff's Complaint as true, the Court is not required to consider any conclusions of law or facts that fail the well-pleaded standard. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). The Court need not accept the facts establishing the amount of damages as true simply based on the pleadings. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Courts generally disfavor default judgments because "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Thus, there are seven factors that a lower court, in its discretion, may generally consider when deciding whether to grant default judgment. *Id*. at 1471-72 (citing 6 MOORE'S FEDERAL PRACTICE § 55-05, at 55-24 to 55-26). These factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*.[1]

    b.    <u>Application of the *Eitel* Factors to This Case</u>.

        *1.*    *Factor One – The Possibility of Prejudice to The Plaintiff.*

As stated, the Clerk of Court properly entered default against Defendant who failed to appear or respond to the Complaint. More specifically, Plaintiff served Defendant in November of 2024—a year ago—Defendant did not respond to the Complaint, and Defendant offered no opposition to the default entered by the Clerk of Court. Under these circumstances, Plaintiff has no means to litigate its claims against Defendant other than through the present method. For this reason, the Court finds the first *Eitel* factor favors entry of default judgment.

---

[1] In addition to these seven factors, the Court has the duty to ensure Defendants were properly served and are properly before the Court. *DFSB Kollective Co. v. Bourne*, 897 F.Supp.2d 871, 877-78 (N.D. Cal. 2012). Here, as stated, the Court finds that the Summons was properly issued, and Defendant failed to answer the Complaint, personal jurisdiction is properly exercised over the Defendant, and that default of Defendant was properly entered by the Clerk of Court (ECF Nos. 1, 10, 13).

2

      2. *Factors Two, Three, and Five – The Merits of Plaintiff's Substantive Claim, The Sufficiency of The Complaint, and The Possibility of a Question of Material Fact.*

  Under the well pleaded complaint rule, Plaintiff sufficiently states claims for recovery of damages from Defendant. The Complaint alleges details regarding Defendant's violations of 47 U.S.C. §§ 553 and 605. ECF No. 1. Plaintiff is a sports and entertainment company specializing in distributing and licensing Pay-Per-View sporting events to commercial establishments. ECF No. 1 ¶¶ 5-6. Defendant is the owner and operator of The Mixer Lounge (sometimes the "Lounge") that, without authorization, intercepted and received or assisted in the interception and receipt of the Tyson Fury vs. Deontay Wilder III undercard bouts and commentary, and broadcasted the bouts to patrons at The Mixer Lounge. *Id*. ¶¶ 7-9, 11-15. Plaintiff owned the exclusive commercial distribution rights to this program, which an establishment like The Mixer Lounge could purchase the right to exhibit. *Id*. ¶¶ 6, 10-11. These undercard bouts were as not available to the public without authorization and electronic decoding equipment, which were obtained through contracts with Plaintiff. *Id*. ¶¶ 8-10. On October 9, 2021, an outside auditor hired by Plaintiff visited The Mixer Lounge and discovered Defendant was broadcasting the undercard bouts without a contract with Plaintiff. ECF No. 14 at 4.

  In light of these facts, which the Court accepts as true, the Court finds Factors Two, Three, and Five of the *Eitel* factors are met and favor the entry of default judgment.

      3. *The Remaining Eitel Elements—The Sum of Money at Stake in The Action, Whether The Default Was Due to Excusable Neglect, and The Strong Policy Underlying The Federal Rules of Civil Procedure Favoring Decisions on The Merits—Lead to Granting Plaintiff's Motion.*

  Plaintiff seeks damages in the amounts of $10,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $100,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii), which Plaintiff states penalizes Defendant for its illegal conduct, upholds the statutory intent of deterrence, and aligns with recent damage awards by this Court. ECF No. 14 at 6 *citing J & J Sports Prods., Inc. v. Gonzalez Bros., Inc.*, 2021 WL 5771122, at *2 (D. Nev. Dec. 3, 2021) (awarding $40,000 in damages for a single violation); *J & J Sports Prods., Inc. v. Golden Penny Indus., LLC*, 2020 WL 5797703, at *8-11 (D. Nev. Sept. 11, 2020) (awarding $38,000 in damages for a single violation); *Zuffa, LLC v. Hua*, 2020 WL 13546415,

at *2 (D. Nev. July 31, 2020) (awarding damages in the amounts of $10,000 under § 605(e)(3)(C)(i)(II) and $10,000.00 under § 605(e)(3)(C)(ii) for a single violation).

When a defendant is liable under sections 553 and 605 of Title 47 of the United States Code, a plaintiff may only recover damages under one section. *Kingvision Pay-Per-View Corp., LTD v. Wright*, 2006 WL 4756450, at *2 (M.D. Fla. Oct. 27, 2006). Plaintiff has elected damages under 47 U.S.C. § 605, which allows recover of statutory damages of up to $10,000.00 for each violation. *Id*. at § 605(e)(3)(C)(i)(II). If the Court finds that the violation of the statute was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain...," the Court may award additional damages of up to $100,000.00 for each violation. *Id*. at § 605(e)(3)(C)(ii). Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court is to award full costs, including reasonable attorneys' fees.

Plaintiff seeks damages in the amounts of $10,000.00 under § 605(e)(3)(C)(i)(II) and $100,000.00 under § 605(e)(3)(C)(ii) to adequately compensate Plaintiff for its damages, penalizes Defendant for its illegal conduct, upholds the statutory intent of deterrence, and aligns with recent damage awards by this Court. *Gonzalez Bros., Inc.*, 2021 WL 5771122, at *2; *Golden Penny Indus., LLC*, 2020 WL 5797703, at *8-11. Thus, the amount at stake is clearly established.

There is no evidence of excusable neglect as Defendant has not responded to Plaintiff's Complaint over the last year. There is nothing before the Court suggesting this failure is excusable. Given Defendant's failure, the policy favoring decision on the merits is not dispositive in this case. When defendants have "failed to respond to anything at all in [an] action, it is not possible to decide this case on its merits, so this factor, too, weighs in favor of default judgment." *LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1116 (D. Nev. 2017).

Having found all *Eitel* factors are satisfied, the Court reviews Plaintiff's damages request.

    c.    <u>Damages</u>.

Plaintiff is requesting statutory damages in the amount of $10,000.00. 47 U.S.C. § 605(e)(3)(C)(i)(II). Statutory damages are appropriate where actual damages are difficult to prove. *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981). The Supreme Court held that the absence of adequate proof of any particular element causes the Court

4

to rely, within its discretion, on the statutory limitation. *F.W. WoolWorth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). "The award of statutory damages is especially fitting in the default judgment context where Plaintiffs are without any benefit of any disclosures by the infringer, leaving damages uncertain." *Evony, LLC v. Holland*, 2011 WL 1230405, at *3 (W.D. Pa. Mar. 31, 2011).

Plaintiff establishes it is not possible to determine the full extent of the profits Defendant earned or other damages incurred as a result of Defendant's wrongful conduct. Awarding statutory damages serves to compensate Plaintiff and deter future violations of law while punishing Defendant for ignoring this litigation. *Teri Woods Publ'g, L.L.C. v. Williams*, 2013 WL 6179182, at *3 (E.D. Pa. Nov. 25, 2013). The Court finds that given the benefits Defendant obtained from the illegal broadcast of the undercard bouts, it is fair and reasonable to assess against the Defendant and award to Plaintiff statutory damages in the amount of $10,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II).

The Court further finds damages for a willful act is proper under 47 U.S.C. § 605(e)(3)(C)(ii). The Supreme Court defines "willful" as "marked by careless disregard for whether or not one has the right so to act." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126-127 (1985). By virtue of default, Defendant admitted its illegal broadcast of the undercard bouts was willful and committed for the direct or indirect commercial advantage or private financial gain. *Teri Woods Publ'g, L.L.C.*, 2013 WL 6179182, at *3 (citing *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008)). *See also Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). Based on the uncontested and well supported facts presented to the Court, the Court finds Defendant engaged in a willful act resulting in the proper grant of enhanced damages of $100,000 under 47 U.S.C. § 605(e)(3)(C)(ii).

d. <u>Individual Liability</u>.

In order to hold an individual defendant vicariously liable in this case, Plaintiff need show that Defendant had the right and ability to supervise the infringing activity as well as a strong financial interest in the activities. *Golden Penny Indus., LLC*, 2020 WL 5797703, at *5-6; *see also*

5

1  *J & J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008). A corporate officer "who has a financial interest in the company and the ability to supervise or control an infringing activity will be held personally liable." *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66 (S.D.N.Y. 1993). Plaintiff must establish these two elements, but does not need to prove Defendant's knowledge of the infringing activity. *Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 842883, at *9 (D.N.J. Mar. 31, 2006). "Even if Defendants were unaware of the Event being broadcast at their Establishment, personally had no intent to broadcast it, and realized no financial gain from it, Defendants are still vicariously liable for this willful violation of the statute." *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 759 (S.D. Tex. 2014). As owner and manager of the entity controlling The Mixer Lounge on the night of the pirated broadcast, Defendant had the right and ability to supervise the infringing activity and a strong financial interest in the infringing activities. Plaintiff's Exhibits at ECF Nos. 14-8 and 14-9 establishing Defendant, Dionne Jupiter, is appropriately held vicariously liable for the unauthorized exhibition of the undercard bouts at The Mixer Lounge. *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, 2005 WL 2063819, at *4 (S.D.N.Y. Aug. 24, 2005) (finding president and sole owner of small company vicariously liable for copyright infringement because it was "obvious" that he "had the ability to supervise the infringing activity").

   e.  <u>Costs</u>.

Under 47 U.S.C. § 605(e)(3)(B)(iii) "the [C]ourt shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff incurred costs of $405.00 to file the Complaint and $355.00 to effect service. ECF No. 14-10. The Court awards these costs to Plaintiff.

**III.  Recommendation**

Accordingly, and for each and all of the reasons stated above, the Court recommends that Plaintiff's Motion for Default Judgment (ECF No. 14) be GRANTED against Defendant in the total

sum of $110,760.00. Attorney's fees were not identified in Plaintiff's Motion, but may be requested separately.

DATED this 14th day of November, 2025

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).